UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR JIMENEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>RALPH DIAZ,<br><br>        Defendants. | No. 1:19-cv-00773-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 9, 10) |

Plaintiff Salvador Jimenez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 3, 2019, plaintiff filed his complaint in this action alleging that defendants were acting with deliberate indifference to conditions posing a substantial risk of serious harm to plaintiff in violation of the Eighth Amendment. (Doc. No. 1.) Alongside the complaint, plaintiff filed motions for a temporary restraining order and preliminary injunction. (*Id.* at 7–15.)

On October 28, 2019, the assigned magistrate judge screened plaintiff's complaint and concluded that it failed to state any cognizable claims. (Doc. No. 8.) The screening order contained notice to plaintiff that he could either file an amended complaint within thirty (30) days from the date of service to attempt to cure the noted deficiencies or notify the court of his intent to stand on his complaint. (*Id.* at 8.) The magistrate judge also issued findings and

recommendations on October 28, 2019, recommending that plaintiff's motion for a temporary restraining order and preliminary injunction be denied. (Doc. No. 9.) Those findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 6–7.) Plaintiff did not respond in any way to the screening order.

Accordingly, on January 16, 2020, the magistrate judge issued findings and recommendations recommending dismissal of this action due to plaintiff's failure to state a claim upon which relief can be granted, failure to comply with a court order, and failure to prosecute. (Doc. No. 10.) The findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 3–4.) To date, plaintiff has neither filed an amended complaint, notified the court of his intent to stand on his complaint, nor submitted objections to either set of findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on October 28, 2019 (Doc. No. 9) are adopted in full;

/////

---

[1] The October 28, 2019 screening order and findings and recommendations addressing plaintiff's request for preliminary relief were returned to the court by the U.S. Postal Service as "Undeliverable, out to court," while the January 16, 2020 findings and recommendations were returned to the court as "Undeliverable, Out to Court/Paroled." Local Rule 183(b) provides that

> [a] party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

The court notes that it has been over sixty-three days since the screening order and both findings and recommendations were returned to the court as undeliverable, and plaintiff has not notified the court of a change of his address of record.

2

2. Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 1) is denied;

3. The findings and recommendations issued on January 16, 2020 (Doc No. 10) are adopted;

4. This action is dismissed due to plaintiff's failure to state a cognizable claim, failure to comply with a court order, and failure to prosecute; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 18, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE